UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NANCY BARNETT-MOORE, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:12-cv-250-RCJ-VPC |
| FEDERAL HOME LOAN MORTGAGE CORP., | ) ) ) | **ORDER** |
| Defendant. | ) ) | |

Currently before the Court are a Motion for Summary Judgment (#12) and a Motion to Expunge Lis Pendens (#14).

**BACKGROUND**

I.  **Complaint**

In May 2012, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a petition for removal and attached the complaint filed from the Ninth Judicial District for Douglas County, Nevada. (Pet. for Removal (#1); Compl. (#1-2)). In the complaint, Plaintiff Nancy Barnett-Moore sued Defendant Freddie Mac. (Compl. (#1-2) at 1).

The complaint alleged three causes of action against Freddie Mac. In the first cause of action, Plaintiff alleged that the foreclosure proceedings were absolutely void under the automatic stay provisions of 11 U.S.C. § 362. (*Id.* at 2). Plaintiff alleged that she had filed her bankruptcy petition on December 15, 2010, thus, making the December 15, 2010 trustee's sale, February 10, 2011 notice to vacate premises, and March 4, 2011 eviction complaint void. (*Id.*). Plaintiff asserted that the foreclosure proceedings violated the automatic stay and sought a declaration that the proceedings were void. (*Id.* at 3-4).

In the second cause of action, Plaintiff asserts that "Defendant" should be equitably estopped from alleging that it engaged in lawful foreclosure proceedings. (*See id.* at 7). Plaintiff alleges the following. (*Id.* at 4). On June 25, 2007, she purchased property on 720 Highway 50, Zephyr Cove, Nevada 89448. (*Id.*). She subsequently "got behind" in her mortgage payments. (*Id.*). In October 2010, Plaintiff retained the services of Nationwide Mediation Services ("Nationwide"), a loan modification company. (*Id.* at 5). From that date, Plaintiff had been in active loss mitigation review with Nationwide. (*Id.*). On November 18, 2010, Nationwide telephoned "Defendant" for an update on Plaintiff's file and "Defendant" advised Nationwide that Plaintiff's file was in review and that all of her documents were in. (*Id.*). The following week Nationwide telephoned "Defendant" for another update on Plaintiff's file. (*Id.*). "Defendant" advised Nationwide that Plaintiff's file had been closed out on November 23, 2010 due to missing documents. (*Id.*). "Defendant" never advised Plaintiff that there were any missing documents. (*Id.*). On November 29, 2010, Nationwide faxed the updated documents to "Defendant." (*Id.* at 6). That same day, "Defendant" advised Nationwide that Plaintiff's file would be reactivated. (*Id.*). On December 1, 2010, "Defendant" advised Nationwide that Plaintiff's file had been reactivated. (*Id.*). On December 7, 2010, instead of reactivating the file, "Defendant" treated Plaintiff's file as if it had been "a mere request to postpone" the December 15, 2010, foreclosure sale without notifying Nationwide or Plaintiff. (*Id.*). "Defendant" knew "full well" that it had not reactivated the file and fully intended to send the property to the foreclosure sale. (*Id.* at 6-7). Plaintiff asserts that "Defendant" should be estopped from alleging that it engaged in lawful foreclosure proceedings. (*Id.* at 7).

In the third cause of action, Plaintiff alleges a claim for quiet title because she had paid all taxes of every kind levied or assessed upon the property and Defendant is without any right whatsoever to the property. (*Id.* at 8).

**II.   Summary Judgment Facts**

The certificate of sale for the property stated that, on December 15, 2010, at 1:00 pm. MTC Financial, Inc. dba Trustee Corps ("Trustee Corps"), the substituted trustee, conducted

a trustee's sale and sold the property for $293,815.80. (Certificate of Sale (#12-1) at 5; *see* Notice of Trustee's Sale (#12-1) at 2). The trustee's deed upon sale stated that Freddie Mac had purchased the property. (Trustee's Deed Upon Sale (#12-1) at 8).

Plaintiff filed her Chapter 13 bankruptcy petition on December 15, 2010 at 2:44 p.m. (14:44:19). (Bankruptcy Pet. (#12-1) at 11). The bankruptcy court automatically dismissed her case on January 30, 2011 for failing to comply with 11 U.S.C. § 521(a)(1). (Order of Dismissal (#12-1) at 21).

On June 9, 2011, the justice court granted Freddie Mac and Plaintiff's stipulation to dismiss, without prejudice, the unlawful detainer case that Freddie Mac had filed. (*See* Order to Dismiss (#12-1) at 25-26).

In September 2011, Freddie Mac filed another unlawful detainer action in justice court against Plaintiff. (Justice Court Compl. (#12-1) at 28-29).

On April 24, 2012, Plaintiff's attorney recorded a lis pendens on the property. (Lis Pendens (#12-1) at 39-41).

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

### I.     Motion for Summary Judgment (#12)

Freddie Mac files a motion for summary judgment on all claims. (Mot. for Summ. J. (#12) at 2). Freddie Mac asserts that the trustee's sale is valid because the trustee's sale occurred at 1:00 p.m. on December 15, 2010, and Plaintiff filed her bankruptcy petition at 2:44 p.m. that day. (*Id.* at 5). Freddie Mac asserts that the parties entered into a stipulation two weeks before Plaintiff filed her complaint agreeing to dismiss the March 4, 2011 unlawful detainer complaint without prejudice and with each party bearing their own fees and costs. (*Id.* at 6). Freddie Mac argues that the Court should grant summary judgment on the second claim because equitable estoppel is an affirmative defense. (*Id.*). Freddie Mac also asserts that Plaintiff fails to allege equitable estoppel against Freddie Mac because it was not Plaintiff's mortgage lender and did not ever communicate with Plaintiff regarding her loan modification. (*Id.* at 7). Freddie Mac asserts that it only came into the picture when it bought

the property at the trustee's sale on December 15, 2010. (*Id.*). Freddie Mac moves for summary judgment on the quiet title claim because Plaintiff admits she defaulted on her mortgage payments. (*Id.* at 7-8).

In response, Plaintiff admits that she filed for bankruptcy after the trustee sale took place and admits that an automatic stay does not take effect until the moment a bankruptcy petition is filed. (Opp'n to Mot. for Summ. J. (#17) at 4). However, Plaintiff argues that there "was a snowstorm earlier in the day that effectively prevented [her] from filing her bankruptcy petition until 2:44 p.m." and that FRCP 6(a)(3), inaccessibility of the clerk's office, makes her filing "timely" and invoked the automatic stay before the trustee's sale occurred. (*Id.* at 4-6). Plaintiff does not oppose Freddie Mac's motion for summary judgment regarding the stipulated dismissal of the March 4, 2011 unlawful detainer complaint. (*Id.* at 6). Plaintiff asserts that she has pled both equitable estoppel and fraud in the second claim. (*Id.* at 6-7). Plaintiff contends that, in her complaint, she pled all five elements of fraud. (*Id.* at 7). Plaintiff argues that there are genuine issues of material fact as to whether the "Trustee" substantially complied with the provisions of NRS § 107.080. (*Id.* at 8). Plaintiff argues that there is a genuine issue of material fact as to whether Trustee Corps was a properly substituted trustee and, therefore, summary judgment is inappropriate. (*Id.* at 9-10). Plaintiff requests that she be given a continuance to take Trustee Corp's deposition to determine whether Trustee Corps was a properly substituted trustee. (*Id.* at 11).

In reply, Freddie Mac asserts that Plaintiff's second claim fails because Plaintiff cannot establish that she or her agent, Nationwide, communicated with Freddie Mac during her loan modification period. (Reply to Mot. for Summ. J. (#21) at 3). Freddie Mac asserts that Plaintiff communicated with Wells Fargo during all of her pre-foreclosure dealings. (*Id.*). Freddie Mac argues that Plaintiff cannot allege that it violated NRS § 107.080 because it was not the foreclosing trustee but rather the purchaser at the foreclosure sale. (*Id.* at 4). Freddie Mac argues that the request to depose Trustee Corps should be denied because the complaint states no cause of action against Trustee Corps. (*Id.*).

The Court grants Freddie Mac's motion for summary judgment on the first cause of

action with prejudice. Pursuant to 11 U.S.C. § 362(a), a debtor receives the benefit of the automatic stay at the time of the filing of the bankruptcy petition. "The automatic stay is self-executing, effective upon the filing of the bankruptcy petition." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000). Pursuant to FRCP 6(a)(3), if the clerk's office is inaccessible on the last day for filing, then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(3)(A).

In this case, Plaintiff admits that she filed her bankruptcy petition almost two hours after Freddie Mac purchased her property at a trustee's sale. As such, the automatic stay did not become effective until 2:44 p.m. on December 15, 2010, and the trustee's sale is not void under the automatic stay. Moreover, Plaintiff's attempt to invoke FRCP 6(a)(3) to void the trustee's sale is misplaced. Plaintiff has not demonstrated that the clerk's office was inaccessible on December 15th, even if it was snowing, because she filed her bankruptcy petition in the clerk's office on that day. As such, the Court grants Freddie Mac's motion for summary judgment on Count One with prejudice.

The Court grants Freddie Mac's motion for summary judgment on Count Two. Equitable estoppel is an affirmative defense which functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct. *Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010). Equitable estoppel requires that "(1) the party to be estopped must be apprised of the true facts, (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped." *Id.*

In this case, Plaintiff does not plead any facts that would support equitable estoppel against Freddie Mac. Freddie Mac did not engage in loan modification negotiations with Plaintiff and, thus, did not tell Plaintiff that her loan modification documents were complete or that it had re-activated her file. Freddie Mac only purchased the property at a foreclosure sale. As such, the Court grants Freddie Mac's motion for summary judgment on Count Two with

prejudice.

The Court further notes that Plaintiff did not allege causes of action for fraud or statutorily defective foreclosure pursuant to NRS § 107.080 in her complaint. Even if Plaintiff had alleged these causes of action, Plaintiff has not provided any evidence that those claims would survive summary judgment against Freddie Mac. First, Plaintiff's fraud claim[1] is based on statements that her mortgage lender, Wells Fargo, made to her and not on any statements that Freddie Mac made. Second, Plaintiff's statutorily defective foreclosure claim is based on whether Trustee Corps was a properly substituted trustee and requests a continuance to depose Trustee Corps. Nevada Revised Statute § 107.080(5)(a) permits a court to declare a sale void if the trustee or other authorized person to make the sale did not substantially comply with NRS § 107.080. As such, Plaintiff may have a defective foreclosure claim against Trustee Corps. However, Plaintiff cannot state a statutorily defective foreclosure claim against Freddie Mac alone because Freddie Mac did not foreclose on the property. Moreover, Plaintiff has not provided any evidence to demonstrate that the validity of Trustee Corps' substitution is in question.

The Court grants Freddie Mac's motion for summary judgment on the quiet title claim. A quiet title action may be brought by a party who claims an adverse interest in the subject property. Nev. Rev. Stat. § 40.010. Quiet title actions are equitable in nature and it is generally required that a party that seeks equity must do equity. *Transaero Land & Dev. Co. v. Land Title of Nevada, Inc.*, 842 P.2d 716, 718 (Nev. 1992). For the plaintiff to do equity, it is generally required that the plaintiff tender the undisputed amount due on the note in order to challenge the validity of the foreclosure sale. *Davila v. BAC Home Loans Servicing, LP*, 2011 WL 3159146 at *2 (D. Nev. 2011). Quieting title to the property would be inequitable here because Plaintiff has failed to prove any other claim in her complaint.

---

[1] The elements of fraud are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1413 (D. Nev. 1995).

Accordingly, this Court grants Freddie Mac's motion for summary judgment (#12) in its entirety.

## II.     Motion to Expunge Lis Pendens (#14)

Freddie Mac moves to expunge the lis pendens because Plaintiff cannot establish a likelihood of success on the merits of her case. (Mot. to Expunge (#14) at 8-9).

In response, Plaintiff asserts that filing a notice of lis pendens is a necessary condition precedent to filing an action to void a sale under NRS § 107.080(5). (Opp'n to Mot. to Expunge (#15) at 3).

In reply, Freddie Mac asserts that when a party fails to establish that it is likely to prevail in an action a court must order cancellation of the notice of lis pendens. (Reply to Mot. to Expunge (#20) at 2). Freddie Mac asserts that NRS § 107.080(5) is not applicable because Plaintiff has not alleged a violation of NRS § 107.080 in her complaint. (*Id.* at 3). Freddie Mac argues that, even if Plaintiff had stated a claim for violations of NRS § 107.080 in her complaint, she has not established that she is likely to prevail on that claim against Freddie Mac. (*Id.*).

Pursuant to NRS § 14.015, a party who records the notice of lis pendens must establish to the satisfaction of the court either: (a) that the party who recorded the notice is likely to prevail in the action, or (b) that the party who recorded the notice has a fair chance of success on the merits in the action, that party would be injured by any transfer of an interest in the property before the action is concluded, and the injury would be sufficiently serious that the hardship on him or her in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency. Nev. Rev. Stat. § 14.015(3)(a)-(b).

In this case, Plaintiff has not established that she is likely to prevail in the action or that she has a fair chance of success on the merits as demonstrated above. Plaintiff's complaint does not allege a statutorily defective foreclosure claim pursuant to NRS § 107.080. Plaintiff also does not provide any evidence that she would be likely to prevail on a statutorily defective foreclosure claim if she had pled one. As such, the Court grants Freddie Mac's Motion to Expunge Lis Pendens (#14).

8

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant Freddie Mac's Motion for Summary Judgment (#12) is GRANTED in its entirety.  There are no claims remaining in this case.

IT IS FURTHER ORDERED that Freddie Mac's Motion to Expunge Lis Pendens (#14) is GRANTED.

The Court of the Clerk shall enter judgment accordingly.

DATED: This 25th day of January, 2013.

_____
United States District Judge